IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. SCOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:13-cv-278 |
| v. ) | |
| ) | Judge Mark R. Hornak |
| THOMAS P. BURKE & UNITED ) | |
| PARCEL SERVICE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint and Defendant's Motion for Partial Judgment on the Pleadings to Dismiss Counts III and IV of the Complaint.

### I. Background

This case centers on a traffic accident that took place in Fayette County, Pennsylvania. Compl. ¶ 16. On March 21, 2012, Christina Scott was driving in the right lane north-bound on State Route 119, a two-lane roadway, when her car became disabled. Compl. ¶¶ 16-18. Christina exited her car and was located near the trunk of the vehicle. Compl. ¶ 19. Thomas P. Burke was operating a tractor with two attached trailers for his employer, United Parcel Service, Inc. ("UPS"). Compl. ¶¶ 15, 20. UPS admits that Burke was acting within the course and scope of his employment with UPS at the time of the accident. UPS's Answer ¶¶ 14-15, 30-32, 35. Burke was driving north-bound in the right lane of State Route 119. Compl. ¶ 21. The tractor trailer driven by Burke collided with Christina and her vehicle. Compl. ¶ 24. Christina was killed in the

collision, and one of her children was severely injured. Compl. ¶¶ 24-26. Robert C. Scott, Jr., the surviving husband of Christina, brings this suit individually and as Administrator of the Estate of Christina Scott.

Defendant UPS filed a Motion for Partial Judgment on the Pleadings on April 12, 2013. ECF Nos. 20 & 21. Plaintiff filed his Responses. ECF Nos. 22, 23, 28, & 29. Defendant filed a Reply. ECF No. 30. On July 29, 2013, Plaintiff filed a Motion to Amend his Complaint. ECF No. 27. Defendants filed their Response on August 15, 2013. ECF No. 31.

## II. Legal Standard

### A. *Fed. R. Civ. P. 15(a)(2)*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[M]otions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004), and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204; *see also Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason – such as . . . futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given'.").

"Futility" challenges an amendment's legal sufficiency. *Foman*, 371 U.S. at 182. In assessing futility, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.

1988) ("Futility is determined by the likelihood that the content of the amendment will survive a renewed motion to dismiss"). The United States Court of Appeals for the Third Circuit has noted that "an amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

Prejudice to the opposing party is "the touchstone for the denial of leave to amend." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). "Such prejudice ordinarily is not considered to have occurred unless the Motion is made during or after the actual trial." *Bowser Cadillac, LLC v. Gen. Motors Corp.*, No. 07–1149, 2008 WL 2802523, at *3 (W.D. Pa. July 18, 2008) (quoting *Jenn–Air Prods. Co. v. Penn Ventilator*, 283 F. Supp. 591, 594 (E.D. Pa. 1968)).

### B. Fed. R. Civ. P. 12(c)

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is only appropriate in favor of defendants when they "clearly establish[] that no material issue of fact remains to be resolved" such that they are "entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation omitted). When reviewing a motion for judgment on the pleadings, a court must view the facts in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000). In other words, a district court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6), but may also review the answer and instruments attached to the pleadings. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010). Accordingly, the Third Circuit's explanation that a district court must take three steps to determine the sufficiency of a complaint when analyzing a motion to dismiss for failure to state a claim also applies here:

> First, the Court must "take[] note of the elements a plaintiff must plead to state a claim." Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 679 (2009)) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *See Iqbal*, 556 U.S. at 679. In short, like a motion to dismiss, a motion for judgment on the pleadings should not be granted if a party alleges facts which could, if established at trial, entitle her to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

### III. Discussion

#### A. *Motion for Leave to Amend The Complaint*

In his Motion for Leave of Court to Amend his Complaint, Plaintiff contends that evidence has been uncovered in discovery[1] that supports a claim for punitive damages against both Defendants – Burke and UPS. ECF No. 27 ¶ 3. More specifically, Plaintiff argues that the evidence demonstrates: (1) Burke was "utilizing a cellular phone while operating the tractor-with-tandem-trailers immediately prior to the accident"; (2) Burke had a history of safety violations, including many which might reflect inattentiveness to safe stopping distances throughout the course of his employment with UPS, which were known to UPS; and (3) there is

---

[1] Fact discovery is not set to close until November 12, 2013, and such discovery is on-going. ECF No. 25.

4

an issue of material fact as to whether Burke had a history of not submitting or completing record logs in compliance with Federal Motor Carrier Safety Regulations, that his log from the day of the accident is facially erroneous, and that all of this was known or should have been known to UPS. *Id.* ¶ 6. Defendant UPS argues that Plaintiff's proposed amendment is futile because the discovery record (so far) does not support those assertions, that UPS' view of the record to date is contrary to Plaintiff's position, and that in any event, the allegations that supposedly support punitive damages do not rise to the level of evil motive or reckless indifference. ECF No. 31.

Both parties agree that Pennsylvania law governs any punitive damages claim in this case. The Supreme Court of Pennsylvania explained that

> [t]he standard governing the award of punitive damages in Pennsylvania is settled. Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct.

*Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (quotations and citations omitted). The state of mind of the actor is "vital." *Id.* Thus, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772.

Taking Plaintiff's allegations as true, there exists what at this point is at least a plausible stated claim for punitive damages against both Defendants. A reasonable jury could conclude, if Burke was indeed using his cell phone at the time of the accident,[2] that he was operating his

---

[2] Defendant UPS hotly contests this, relying on calculations it says can be derived from the phone call log, Pennsylvania State Police Reports, and other mathematical constructs. ECF No. 31 at 8. They may be right, in the

vehicle with reckless indifference to the rights of others and a jury could conclude that UPS recklessly allowed him to do so.[3] A jury could also conclude that Burke had a known history of inattentiveness at the wheel. ECF No. 27 at 9-13.

Defendants vehemently argue that Plaintiff currently has insufficient evidence to support this relief, and that the record, so far, cuts against him. While this may turn out to be the case after discovery is complete, courts analyze a motion to amend under a 12(b)(6) standard. *Gross v. Stryker Corp.*, 858 F. Supp. 2d 466, 505 (W.D. Pa. 2012) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). The issue now is not whether the facts are such that Plaintiff will certainly prevail, but instead, whether the amendatory averments plausibly state a claim for relief. Moreover, fact discovery is not set to end until November 2013 and, as even Defendants note, Burke himself has not yet been deposed. ECF No. 31 at 10. Thus, Plaintiff has not had the opportunity to complete discovery in order to marshall all of the proof to support his punitive damages claim and to refute Defendants' position in that regard. UPS's present argument is therefore more appropriately made at the summary judgment stage.

Further, it is seemingly Defendants' position that unless a plaintiff can plead facts that conclusively demonstrate that he has a sure winner at trial, a complaint must be dismissed, or an amendment disallowed, or that in ruling on the instant Motion, this Court should decide ultimate factual issues on a fundamentally incomplete record. No matter how much pleading requirements have been heightened post-*Twiqbal*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and

---

end, but the development of the factual record in this case is not yet complete. UPS admits the driver used his cellphone but seems to dispute how distant from the spot and time of the collision this was happening.

[3] The Court declines UPS' invitation, ECF 31 at 8, to hold, as a matter of law at this point in the proceedings, that the driver of a very large tractor-trailer truck, "glancing at his phone," and who then rear ends a stopped vehicle on or near a highway, killing that car's driver, was not acting with a "reckless indifference to the rights of others." That issue is one more properly considered in the context of a fully developed record.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the pleading duty is not nearly as strenuous as Defendants aver. Defendants also oppose the Motion with loads of opposing factual allegations at a point at which discovery is not yet completed, particularly the deposition of Mr. Burke. To grant, now, what would in essence be Defendants' Summary Judgment Motion would appear to the Court to be wholly improvident.

That said, Plaintiff may not file his Amended Complaint exactly as proposed. In his Amended Complaint, ECF No. 27-17, Plaintiff adds as Counts V and VI "Punitive Damages" against Defendants. "Punitive damages are a form of relief, and are not the basis for an independent cause of action." *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 450 (W.D. Pa. 2010). Thus, while Plaintiff may seek to recover punitive damages against Defendants, he may not do so as a separate cause of action. Plaintiff's Motion to Amend his Complaint is therefore granted to the extent that Plaintiffs may allege a claim to recover punitive damages, but as just that – a claim for relief, and not as a separate cause of action.

Defendants also argue that Pennyslvania's Wrongful Death Act does not permit punitive damages to be recovered in claims under it. ECF No. 31 at 14. "Pennsylvania does not permit punitive damages in wrongful death actions. However, punitive damages are available in survival action[s] if the decedent could have recovered them if he or she had lived." *Burke v. Glanton*, No. 12CV851, 2012 WL 6052020, at *2 (W.D. Pa. Dec. 5, 2012) (quotations and citations omitted). Consequently, Plaintiff may not amend to seek to recover punitive damages as to his claims under the Wrongful Death Act.[4]

---

[4] Defendants assert that the amendment is in "bad faith" because it is an effort to "avoid" UPS's Motion for Partial Judgment on the Pleadings. They offer no basis for such allegations of bad faith, other than noting that the Motion to Amend was filed just as Plaintiff's response to the Motion for Partial Summary Judgment was also due. That is not good enough, either to defeat the Motion for Leave to Amend, or to make the very serious (but nowadays all too commonplace) allegation of bad faith. It may simply be that Plaintiffs held off making punitive damage allegations until discovery had generated a sufficient factual basis to make the allegation. Defendants also object to the amendment on the grounds that Plaintiff's proposed Amended Complaint, which is before the Court, alleges "new

7

### B. *Motion for Partial Judgment on the Pleadings*

In its Motion for Partial Judgment on the Pleadings, filed just after it answered, Defendant UPS moved to dismiss all claims against it. ECF Nos. 20 & 21. The core of its argument was that there is a general rule that, where an employer defendant concedes that the employee defendant was acting in the course and scope of his employment, a plaintiff cannot maintain a distinct vicarious liability claim against an employer simultaneously with a direct negligence claim against the employer, absent a punitive damages claim. *Id.* Because Plaintiff's Motion to Amend his Complaint to permit the assertion of just such a punitive damages claim has been granted, Defendants' Motion for Partial Judgment on the Pleadings is denied without prejudice as moot.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend his Complaint is denied in part and granted in part. Defendants' Motion for Partial Judgment on the Pleadings is denied as moot. An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: August 29, 2013

---

facts" without seeking the Court's permission to allege "new facts." This seems to bypass the reality that the "new facts" *are* before the Court in the proposed Amended Complaint, Plaintiff's Motion *is* a request for just such permission, and this Court's Order *grants* that permission.